UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Damion Ligon, | ) | C/A No.: 6-10-2341-JMC-KFM |
| *aka Damion L Ligon,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| Greenwood County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter has been filed pursuant to 42 U.S.C. §1983 against the Greenwood County Detention Center (GCDC)[1]. Plaintiff alleges he was incarcerated for nine (9) months at the GCDC for first degree burglary and grand larceny charges before they were dismissed. Plaintiff, who alleges he is a single parent, states he lost his house and nine (9) months of wages. He seeks damages for false arrest.

This is not the first time Plaintiff has raised this matter in this Court. In *Ligon v. Martin*, Civil Action No. 8:10-16-JMC-KFM, the Plaintiff raised the same issues he raises in the above-captioned matter; however, in the previous case, he named a different Defendant. Furthermore, that matter is still pending in this Court. This Court may take judicial notice of its own records. *See Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings

---

[1] In Plaintiff's complaint he references only the "GCDC." Thus, the Clerk of Court docketed the Green**ville** County Detention Center as the sole defendant in this matter. On September 30, 2010, the Plaintiff filed a Motion to Proceed *In Forma Pauperis*, and submitted a cover letter with the Motion indicating that the proper Defendant was the Green**wood** County Detention Center. In an order entered contemporaneously with this Report and Recommendation, the Clerk of Court has been directed to edit the docket to reflect that the Greenwood County Detention Center is the proper Defendant in this matter.

had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

The defendant, Greenwood County Detention Center, consists of buildings, facilities, and grounds. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the defendant is not a "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit

under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, No. 9:03-3436-23, 2003 WL 23541770 (D.S.C. Dec. 4, 2003), *affirmed Staley v. South Carolina Department of Corrections*, No. 04-6022, 96 Fed. Appx. 928 (4th Cir. May 21, 2004). As a result, the sole Defendant in this matter is entitled to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/Kevin F. McDonald<br>
United States Magistrate Judge

November 18, 2010
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).